U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
JUN 18 10 54 AM '04

THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

ONEBEACON INSURANCE COMPANY
formerly known as Commercial Union
Insurance Company
One Beacon Street
Boston, Massachusetts 02108
a/s/o PORTSMOUTH
SCHOOL DEPARTMENT

            Plaintiff

v.

BRIAN J. O'NEILL
30 Nantucket Pl.,
Greenland, New Hampshire
            and
BRIAN A. RAZIN
97 Chestnut Street
Portsmouth, New Hampshire 03801

            Defendants.

No. C-04-226-B

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, OneBeacon Insurance Company, as subrogee of Portsmouth School Department, by way of Complaint against defendants, Brian J. O'Neill and Brian A. Razin, states as follows:

1. Plaintiff, OneBeacon Insurance Company, as subrogee of Portsmouth School Department, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at One Beacon St., Boston, Massachusetts 02108. At all times material to this action, OneBeacon was duly authorized to issue policies of insurance in the State of New Hampshire.

2. Defendant Brian J. O'Neill is an individual citizen of the state of New Hampshire, residing at 30 Nantucket Place, Greenland, New Hampshire 03840.

3. Defendant Brian A. Razin, is an individual citizen of the state of New Hampshire, residing at 97 Chestnut Street, Portsmouth, New Hampshire 03801.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is proper pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. §1391 as the events or omissions giving rise to the claims at issue occurred within this district and Defendants are subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

6. At all times material to this action, the Portsmouth School Department was the owner of a school building known as Portsmouth High School, Portsmouth, New Hampshire (hereinafter the "High School").

7. At all times material to this action, OneBeacon insured the High School under a policy of insurance issued to the City of Portsmouth, policy number YMF690271.

8. On August 14, 2001, Brian J. O'Neill, then a minor, caused a fire to occur in the High School, which substantially damaged and destroyed portions of the High School, as well as the personal property of the School Department.

9. On August 14, 2001, Brian A. Razin, then a minor, caused a fire to occur in the High School, which substantially damaged and destroyed portions of the High School, as well as the personal property of the School Department.

10. In accordance with the terms of the insurance policy issued to the City of Portsmouth, plaintiff OneBeacon made payments to the School Department in an amount in excess of $300,00.00 in compensation for the damages resulting from the fire. OneBeacon is thereby subrogated to their insured's right of recovery against any responsible third parties to the extent of their payments.

## COUNT I
### Plaintiff v. Brian J. O'Neill
### (Negligence)

11. Plaintiff incorporates by reference the allegations set forth in paragraphs one through ten, inclusive, as fully as though set forth herein at length.

12. The fire and resulting damages described in paragraph 9 above was the direct and proximate result of the negligence, carelessness, recklessness and/or gross negligence of Brian J. O'Neill in:

   a) Carelessly handling and lighting matches, flammable substances and/or other combustible substances;

   b) Failing to take adequate and necessary precautions to extinguish combustible items or fire arising from the use of match, flammable materials and/or other combustible substances;

   c) Failing to exercise reasonable care in handling combustible materials;

   d) Causing or allowing an uncontrollable fire to develop as the result of the usage and/or handling of matches, flammable substances or other combustible materials;

3

e) Causing or allowing an uncontrollable fire to develop;

f) Failing to act with due and reasonable care under the circumstances so as to preserve the property of the Portsmouth School Department from harm; and

g) Committing acts of negligence as may be revealed in the course of discovery.

13. The incident and resulting damages described in paragraph 9 above were the direct and proximate result of the negligence, carelessness, recklessness and gross negligence of defendant Brian J. O'Neill.

WHEREFORE, Plaintiff demands judgment against defendant Brian J. O'Neill for compensatory damages, interest, reasonable counsel fees, costs of this action, and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT II
### Plaintiff v. Brian A. Razin
### (Negligence)

14. Plaintiff incorporates by reference the allegations set forth in paragraphs one through thirteen, inclusive, as fully as though set forth herein at length.

15. The fire and resulting damages described in paragraph 9 above was the direct and proximate result of the negligence, carelessness, recklessness and/or gross negligence of Brian A. Razin in:

a) Carelessly handling and lighting matches, flammable substances and/or other combustible substances;

b) Failing to take adequate and necessary precautions to extinguish combustible items or fire arising from the use of match, flammable materials and/or other combustible substances;

c) Failing to exercise reasonable care in handling combustible materials;

4

d) Causing or allowing an uncontrollable fire to develop as the result of the usage and/or handling of matches, flammable substances or other combustible materials;

e) Causing or allowing an uncontrollable fire to develop;

f) Failing to act with due and reasonable care under the circumstances so as to preserve the property of the Portsmouth School Department from harm; and

g) Committing acts of negligence as may be revealed in the course of discovery.

16. The incident and resulting damages described in paragraph 9 above were the direct and proximate result of the negligence, carelessness, recklessness and gross negligence of defendant Brian A. Razin.

WHEREFORE, Plaintiff demands judgment against defendant Brian A. Razin for compensatory damages, interest, reasonable counsel fees, costs of this action, and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT III
### Plaintiff v. Brian J. O'Neill
### Intentional Destruction of Property

17. Plaintiff incorporates by reference the allegations set forth in paragraphs one through sixteen, inclusive, as fully as though set forth herein at length.

18. On or about August 14, 2001, Brian J. O'Neill used incendiary materials with the intent to cause a fire at Portsmouth High School, and committed other acts of vandalism and property destruction.

19. The fire and resulting damages described in paragraph 9 above were the direct and proximate result of the use of incendiary materials with the intent to cause a fire, as well as other acts of vandalism and property destruction.

WHEREFORE, Plaintiff demands judgment against defendant Brian J. O'Neill for compensatory damages, interest, reasonable counsel fees, costs of this action, and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT IV
### Plaintiff v. Brian A. Razin
### Intentional Destruction of Property

20. Plaintiff incorporates by reference the allegations set forth in paragraphs one through nineteen, inclusive, as fully as though set forth herein at length.

21. On or about August 14, 2001, Brian A. Razin used incendiary materials with the intent to cause a fire at Portsmouth High School, and committed other acts of vandalism and property destruction.

22. The fire and resulting damages described in paragraph 9 above were the direct and proximate result of the use of incendiary materials with the intent to cause a fire, as well as other acts of vandalism and property destruction.

WHEREFORE, Plaintiff demands judgment against defendant Brian A. Razin for compensatory damages, interest, reasonable counsel fees, costs of this action, and such other and further relief as the Court may deem appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

ROBERT T. MITTELHOLZER
74 Exeter St.
Newmarket NH 03857
603.292.1455

Attorney for Plaintiff

Of Counsel:

KATHLEEN P. LOUGHHEAD
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215.665.2144

PHILA1\1873447\1